**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| Michael D Kappel and Marina P Kappel,<br><br>       Plaintiffs,<br>   v.<br><br>Weyerhaeuser Company, *a corporation;*<br>Metropolitan Life Insurance Company*, a corporation*;<br>Unknown Insurers of Roddis Plywood Corporation, *a corporation;*<br>Unknown Insurers of Weyerhaeuser Company, *a corporation*,<br><br>       Defendants. | Case No. 17-cv-519 |

## COMPLAINT

Plaintiffs Michael D Kappel and Marina P Kappel, complain against Defendants Weyerhaeuser Company, Metropolitan Life Insurance Company, Unknown Insurers of Roddis Plywood Corporation, and Unknown Insurers of Weyerhaeuser Company as follows.

### JURISDICTION AND PARTIES

1. Plaintiffs Michael D. Kappel and Marina P. Kappel are married adult citizens and residents of Chili, Wisconsin.

2. Defendant Weyerhaeuser Company ("Weyerhaeuser") is the former owner of the Marshfield, Wisconsin door manufacturing plant ("Marshfield plant") where asbestos fireproofing products were manufactured and asbestos containing products were used in manufacturing production. Weyerhaeuser is incorporated under the laws of and has its principal place of business in the state of Washington. Weyerhaeuser is legally

1

responsible for the conduct of Roddis Plywood Corporation, the former owner and operator of the Marshfield plant.

3. Defendant Metropolitan Life Insurance Company ("MetLife") conspired and acted to conceal information about the health hazards of asbestos from both individual end-users and industry. MetLife is incorporated under the laws of the state of Delaware and has its principal place of business in the state of New York.

4. Unknown Insurers of Roddis Plywood Corporation are named pursuant to Wis. Stats. §803.04(2)(a) as they have an interest in the outcome adverse to the Plaintiffs.

5. Unknown Insurers of Weyerhaeuser Company are named pursuant to Wis. Stats. §803.04(2)(a) as they have an interest in the outcome adverse to the Plaintiffs.

6. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.  *See* Exhibit A.

7. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

8. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

9. The Marshfield plant manufactured asbestos containing fire doors beginning in 1955 and ending in 1979. Beginning in 1968, manufacture of asbestos containing cores for fire doors was added as a part of the Marshfield plant operations. The manufacturing operations included disposal of the dust and scrap waste generated from manufacture of the doors.

10. Plaintiff Michael Kappel inhaled airborne asbestos fibers released as a result of operations at the Marshfield plant from the following sources:

    a. asbestos fibers transported outside the plant beginning in 1955 by employees or other persons on the plant premises, including but not limited to his father Lawrence Kappel, which contaminated homes, autos, and other locations outside the plant and which Plaintiff Michael Kappel breathed while residing in and frequenting the same places as such employees and persons since 1956;

    b. emissions of asbestos dust beginning in 1955 into the community air of Marshfield which Plaintiff Michael Kappel breathed while residing within 1.25 miles of the Marshfield plant for at least one year during the years 1955-79 when asbestos was used in production of fire doors and cores at the plant.

11. During the period of the exposures, Plaintiff Michael Kappel did not understand or know how to protect against the dangerous nature of asbestos, including without limitation the presence of or risks of asbestos in settings outside the plant.

12. As a direct and proximate result of the conduct of Defendants, Plaintiff Michael Kappel suffered from asbestos related disease..

13. The injury from asbestos fibers begins soon after inhalation, but signs and symptoms used to diagnose asbestos related disease do not manifest until many years or decades later.

14. Plaintiff Michael Kappel cumulative exposures to asbestos contributed to and caused his asbestos related conditions.

15. Plaintiff Michael Kappel suffers great pain, physical impairment, and great mental pain and anguish. Plaintiffs are liable for large sums of money for medical and hospital care.

16. Plaintiff Marina Kappel has been cohabiting with her husband and is deprived of the normal services, companionship, society, and relationship as a result of her husband's injury.

### COUNT I – COMMON LAW NEGLIGENCE – ASBESTOS FIBERS TRANSPORTED OR EMITTED OUTSIDE THE PLANT

17. Plaintiffs bring this claim for common law negligence and restate and re-allege the allegations in paragraphs 1 – 16 above.

18. Plaintiffs bring this claim against Weyerhaeuser for negligence in causing the transport and emission of asbestos fibers outside the plant.

19. As a result of the operations of Weyerhaeuser's Marshfield plant, asbestos fibers were transported and emitted to areas outside the plant by:

    a. worker clothing, hair, skin, personal effects, and vehicles which had become contaminated by asbestos fibers at the plant; and

    b. collecting, removing, hauling, and dumping asbestos dust and waste materials.

20. The plant emissions and transport of asbestos fibers as described above caused contamination of housing, vehicles, community businesses, and other places outside the plant frequented by Plaintiff Michael Kappel.

21. Plaintiff Michael Kappel inhaled asbestos fibers from the contaminated properties and areas outside the plant.

22. Weyerhaeuser owned and operated the door manufacturing plant in Marshfield during the period of Plaintiff Michael Kappel exposures caused by fibers transported or emitted from the plant.

4

23. Weyerhaeuser operated the Marshfield plant without adequately controlling transport and emission to other locations of asbestos fibers.

24. Weyerhaeuser knew or in the exercise of ordinary or reasonable care ought to have known the Marshfield plant operations resulted in emission and transport of asbestos fibers to locations outside the plant.

25. When the fibers were being emitted or transported, Weyerhaeuser knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and death.

26. Weyerhaeuser had a duty to exercise reasonable care for the safety of Plaintiffs' decedent from asbestos fibers transported or emitted to other locations outside the plant as a result of plant operations.

27. Weyerhaeuser breached its duty of care to prevent emissions and transport of asbestos fibers outside the plant, including without limitation in one or more of the following acts or omissions:

    a. Failed to adequately warn Plaintiff Michael Kappel or others of the health hazards of asbestos;

    b. Failed to adequately investigate health effects of asbestos;

    c. Failed to adequately test for air levels of asbestos;

    d. Failed to adequately instruct persons in the use of precautionary measures relating to airborne asbestos fibers;

    e. Failed to adequately warn persons to prevent or protect against fibers emitted or transported outside the plant;

f. Failed to instruct persons about precautionary measures to prevent or protect against fibers emitted or transported outside the plant;

g. Failed to install adequate dust collection systems or implement adequate procedures to prevent or protect against fibers emitted or transported outside the plant;

h. Failed to use proper engineering controls or methods, or used unsafe techniques or methods, in collecting, removing, hauling, and dumping of asbestos-containing waste and scrap materials and dust;

i. Failed to properly and timely maintain dust collection systems when breakdowns or failures occurred;

j. Failed to investigate the health hazards of fibers transported or emitted outside the plant;

k. Used defectively designed asbestos-containing door core products when substitutes were available;

l. Utilized a formula for manufacturing door cores which included asbestos fibers as an ingredient when substitutes were available;

m. Caused visible emissions or transport of asbestos fibers from plant operations in violation of professional standards for industrial hygiene and environmental safety;

n. Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq.;

o. Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002 and Wis. Adm. Code Ind. 12.20;

p. Exceeded other air quality standards or guidelines, including without limitation the Wisconsin Division of Natural Resources, Chapter NR 154.19, and Threshold Limit Values of the American Conference of Governmental Industrial Hygienists;

q. Failed to take adequate corrective action to prevent transport and emission of asbestos fibers outside the plant after being put on notice that such emissions and transport was occurring.

28. As a direct and proximate result of the Defendant Weyerhaeuser's negligence, Plaintiffs were injured as described above.

## COUNT II – NEGLIGENT NUISANCE

29. Plaintiffs bring this claim for negligent public nuisance against Defendant Weyerhaeuser and restate and re-allege the allegations in paragraphs 1 – 28 above.

30. As a result of the operations of Weyerhaeuser's Marshfield plant, asbestos fibers were transported and emitted to areas outside the plant by:

   a. worker clothing, hair, skin, personal effects, and vehicles which had become contaminated by asbestos fibers at the plant;

   b. collecting, removing, hauling, and dumping asbestos dust and waste materials.

31. The plant emissions and transport of asbestos fibers as described above caused contamination of housing, vehicles, community businesses, and other places outside the plant frequented by the Plaintiff Michael Kappel.

32. Plaintiff Michael Kappel inhaled asbestos fibers from the contaminated properties and areas outside the plant.

7

33. Weyerhaeuser owned and operated the door manufacturing plant in Marshfield during the period of Plaintiff Michael Kappel's exposures caused by fibers transported or emitted outside the plant.

34. Weyerhaeuser knew or in the exercise of ordinary or reasonable care ought to have known the Marshfield plant operations resulted in emission and transport of asbestos fibers to locations outside the plant.

35. When the fibers were being emitted or transported, Weyerhaeuser knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and/or death.

36. Weyerhaeuser's conduct causing the contamination by the asbestos fibers is an unreasonable interference with a right common to the general public to clean air.

37. Weyerhaeuser permitted the Marshfield plant operations to continue without adequately controlling, abating, or remediating the release of asbestos fibers outside the plant.

38. Weyerhaeuser's conduct causing the nuisance included without limitation the following acts or omissions:

    a. Failed to adequately warn Plaintiffs or others of the health hazards of asbestos;

    b. Failed to adequately investigate health effects of asbestos;

    c. Failed to adequately test for air levels of asbestos;

    d. Failed to adequately instruct persons in the use of precautionary measures relating to airborne asbestos fibers;

    e. Failed to adequately warn persons to prevent or protect against fibers emitted or transported outside the plant;

f. Failed to instruct persons about precautionary measures to prevent or protect against fibers emitted or transported outside the plant;

g. Failed to install adequate dust collection systems or implement adequate procedures to prevent or protect against fibers emitted or transported outside the plant;

h. Failed to use proper engineering controls or methods, or used unsafe techniques or methods, in collecting, removing, hauling, and dumping of asbestos-containing waste and scrap materials and dust;

i. Failed to properly and timely maintain dust collection systems when breakdowns or failures occurred;

j. Failed to investigate the health hazards of fibers transported or emitted outside the plant;

k. Used defectively designed asbestos-containing door core products when substitutes were available;

l. Utilized a formula for manufacturing door cores which included asbestos fibers as an ingredient when substitutes were available;

m. Caused visible emissions or transport of asbestos fibers from plant operations in violation of professional standards for industrial hygiene and environmental safety;

n. Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq.;

o. Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002 and Wis. Adm. Code Ind. 12.20;

9

p. Exceeded other air quality standards or guidelines, including without limitation the Wisconsin Division of Natural Resources, Chapter 154.19, and Threshold Limit Values of the American Conference of Governmental Industrial Hygienists;

q. Failed to take adequate corrective action to prevent transport and emission of asbestos fibers outside the plant after being put on notice that such emissions and transport was occurring.

39. The asbestos fibers caused special injury of asbestos related disease to Plaintiff Michael D Kappel.

40. The contamination by asbestos fibers from the Marshfield plant operations:

   a. Adversely affected the health interests of the community at large;

   b. Interfered with the public health and safety.

41. As a direct and proximate result of the nuisance, Plaintiffs were injured as described above.

## COUNT III – INTENTIONAL NUISANCE

42. Plaintiffs bring this claim against Defendant Weyerhaeuser for intentional public nuisance and restate and re-allege the allegations in paragraphs 1 – 41.

43. Weyerhaeuser knew the transport or emission of asbestos fibers outside the plant was occurring or substantially certain to occur as a result of the alleged conduct.

44. The conduct of Weyerhaeuser created an intentional nuisance.

45. As a direct and proximate result of the nuisance, Plaintiffs were injured as described above.

## COUNT VI – CIVIL CONSPIRACY

46. Plaintiffs bring this cause of action for civil conspiracy against Defendant Metropolitan Life Insurance Company.

47. Plaintiffs restate and re-allege the allegations set forth in paragraphs 1 – 45 above.

48. Defendant Metropolitan Life and other unnamed co-conspirators knowingly and willfully combined, agreed, and conspired with each other for the purpose of accomplishing one or more of the following unlawful purposes:

    a. Suppressing information about the health hazards of asbestos, including medical and scientific data, from those persons who would be exposed to the asbestos from the products made and sold by the conspirators;

    b. Affirmatively asserting, in a manner not warranted by the information possessed by the conspirators, claims that the conspirators knew were false, namely, that it was safe to work with and in close proximity to asbestos.

49. One or more of the conspirators, including Metropolitan Life, performed the following tortious acts in furtherance of the conspiracy:

    a. Failed to warn about health hazards of asbestos;

    b. Failed to investigate health hazards of asbestos;

    c. Interfered with scientific and medical studies about the health hazards of asbestos;

    d. Failed to instruct about precautionary measures required for protection.

50. As a direct and proximate result of the acts of the conspiracy described above, Plaintiffs were injured as described above.

**PUNITIVE DAMAGES**

51. Defendants acted maliciously, with intentional disregard for the rights of the Plaintiffs for which the Plaintiffs are entitled to recover punitive damages.

**COUNT VII - DECLARATORY JUDGMENT – UNCONSTITUTIONAL**

52. In 1995 Wisconsin enacted Act 17 which created restrictions on recoveries by victims of personal injuries.

53. Plaintiffs seek a declaration that retroactive application of 1995 Act 17 to limit the recovery in this case is unconstitutional.

54. On March 27, 2014 Wisconsin enacted 2013 Act 154 which imposes requirements and creates restrictions on victims of asbestos-related injuries.

55. Plaintiffs seek a declaration that 2013 Act 154 is not applicable to this case or, in the alternative, that the requirements and restrictions it creates are unconstitutional.

## PRAYER FOR RELIEF

Plaintiffs pray for relief as follows:

a. Judgment against Defendants, jointly and severally, for compensatory and general damages;

b. Punitive damages in an amount to be determined against each Defendant;

c. A declaration that 1995 Act 17 is unconstitutional as applied to this case;

d. A declaration that 2013 Act 154 is not applicable to this case, or, in the alternative, that the requirements and restrictions it creates are unconstitutional;

e. Such further legal and equitable relief as the court orders to do justice in this case, including without limitation award of costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by a jury.

Dated:   July 6, 2017

/s/ Robert G. McCoy_____
Attorney for Plaintiffs

Robert G. McCoy, SBN 1054014
Cascino Vaughan Law Offices, Ltd.

220 S. Ashland Avenue
Chicago, Illinois 60607
Phone: 312.944.0600
Fax: 312.944.1870
Email1: ecf.cvlo@gmail.com
Email2: bmccoy@cvlo.com

# Exhibit A

Defendants' States of Incorporation and Principal Places of Business

| **Defendant** | **State of Incorporation** | **State of Principal Business** |
|---|---|---|
| Metropolitan Life Insurance Company | Delaware | New York |
| Weyerhaeuser Company | Washington | Washington |