IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL D. KAPPEL and MARINA P. KAPPEL,

                Plaintiffs,

v.

WEYERHAEUSER COMPANY, METROPOLITAN LIFE INSURANCE COMPANY, UNKNOWN INSURERS OF RODDIS PLYWOOD, and UNKNOWN INSURERS OF WEYERHAEUSER COMPANY,

                Defendants.

OPINION AND ORDER

17-cv-519-wmc

Plaintiffs assert various claims against defendant Weyerhaeuser Company and its insurer Metropolitan Life Insurance Company based on Weyerhaeuser's alleged emissions of asbestos into the Marshfield, Wisconsin, community. Before the court is a proposed amended complaint by plaintiffs, containing additional allegations of Michael D. Kappel's alleged asbestos-related injury and substituting plaintiffs given Kappel's death. (Dkt. #44-3.) Also before the court is defendant Weyerhaeuser's motion to dismiss. (Dkt. #21.) The court will accept plaintiffs' proposed amended complaint and will evaluate defendant's motion to dismiss in light of that pleading. As for the motion to dismiss, the court will dismiss the nuisance claims for the reasons provided in a companion opinion and order issued today in two related cases; however, the court will deny the motion in all other respects, allowing plaintiffs to proceed on their common law negligence claim.

BACKGROUND

This case is one of a second wave of asbestos-related claims concerning community

or environmental exposure caused by defendant Weyerhaeuser Company's alleged emission of asbestos fibers. Unlike the others cases, however, plaintiff Michael D. Kappel, now deceased, did not work at Weyerhaeuser during the period of time its predecessor used asbestos in the manufacturing of fireproof doors. As such, his alleged exposure to asbestos is *solely* based on emissions into the community. In his original complaint, Kappel alleges that he suffers from "asbestos related disease," but does not specify the nature of that injury or the onset date. (Compl. (dkt. #1) ¶ 12.) Defendant Weyerhaeuser moved to dismiss, raising several arguments, including that the plaintiffs failed to allege with sufficient specificity the claimed injury and the date of diagnosis. (Weyerhaeuser's Br. (dkt. #22) 7-8.)

While this motion was pending, Kappel sadly passed away. Plaintiffs then sought a stay, "pending the outcome of analysis of autopsy tissue by plaintiffs' pathology expert which is necessary to conclusively determine the correct diagnosis (mesothelioma v. adenocarcinoma or other lung cancer)." (Pls.' Mot. to Stay (dkt. #38) 1.) Defendants did not oppose the stay (dkt. ##38-1, 38-2), and the court granted it (dkt. #39). Subsequently, the court extended the stay to provide additional time for the expert to finalize the results. (Dkt. #41.) After the extended date had lapsed, the court ordered plaintiffs to show cause why this case should not be dismissed for failing to allege Kappel's injury with sufficient specificity. (3/16/18 Order (dkt. #43).) In response, plaintiffs filed a proposed amended complaint, which alleges the Kappel suffered from adenocarcinoma, and also substitutes as plaintiff Stacy Kappel, individually and as special administrator of

2

the Estate of Michael Kappel.[1]

OPINION

As an initial matter, the court accepts plaintiffs' proposed amended complaint in response to this court's order to show cause, and it will evaluate defendant Weyerhaeuser's motion to dismiss in light of that pleading's allegations. The court also notes that a number of Weyerhaeuser's grounds for dismissal were raised in two other related asbestos cases, *Kilty v. Weyerhaeuser*, No. 16-cv-515 (W.D. Wis. July 20, 2016), and *Spatz v. Weyerhaeuser*, No. 16-cv-726 (W.D. Wis. Nov. 3, 2016). The court issued an opinion in those cases, which it adopts here. In brief, the court will grant defendant's motion to dismiss negligent nuisance and intentional nuisance claims as time-barred, leaving plaintiffs' common law negligence claim to proceed. The court will also deny defendants' motion to dismiss the punitive damages claim.[2]

Specific to this case, defendant asserts two additional grounds for dismissal. *First*, defendant argues that plaintiff failed to allege Kappel's employment or employment-related exposures, presumably to avoid defendant's argument that his claims are barred by the exclusivity provision in Wisconsin's Workers' Compensation Act. (Def.'s Br. (dkt. #22) 6.) Because plaintiffs' negligence claim rests solely on community or environmental exposure to asbestos, plaintiffs need not allege Kappel's employment history with

---

[1] The proposed amended complaint keeps Marina Kappel as a plaintiff and also adds Tammy Prindel, a "lineal heir" of the decedent.

[2] Defendant also purported to challenge plaintiffs' reliance on standards promulgated pursuant to the Clean Air Act. Unlike other cases, however, neither plaintiffs' original complaint, nor the proposed amended complaint, however, contain such references.

Weyerhaeuser. For the reasons explained in the court's opinion and order in the *Kilty/Spatz* cases, the WCA does not bar claims based on environmental or community exposure. Moreover, unlike the other plaintiffs in related Weyerhaeuser asbestos cases, as plaintiffs explain in their opposition brief, it appears Kappel did *not* work at Weyerhaeuser during the period of time asbestos was used. (Pls.' Opp'n (dkt. #28) 2 n.4 (explaining that Kappel testified at his deposition that he began working at the Marshfield plant in May 1979 and that Weyerhaeuser asserted in other asbestos cases that they stopped using asbestos in June 1978).)

*Second*, as described above, defendant seeks dismissal of plaintiffs' claim based on the failure to allege the specific diagnosis and date of diagnosis. The amended complaint, however, corrects this defect, alleging his diagnosis of adenocarcinoma of the lung and his date of death. (Am. Compl. (dkt. #44-3) ¶ 18.) In support of its motion to dismiss, Weyerhaeuser represents that "[i]n other cases, the Court determined that the plaintiffs could meet the special injury requirement when they claimed an injury of mesothelioma." (Def.'s Br. (dkt. #22) 7 (citing *Boyer v. Weyerhaeuser Co.*, 2015 WL 3485262, at *3 (W.D. Wis. 2015)).) In *Boyer*, the court made no such finding. The first wave of Weyerhaeuser asbestos cases had a mix of mesothelioma and lung cancer (more generally) diagnoses. While none of the non-mesothelioma cases survived summary judgment, the court did not dismiss those cases on the pleadings. The court similarly declines to dismiss plaintiffs'

claim, especially given the apparent lack of workplace exposures.[3]

ORDER

IT IS ORDERED that:

1) Plaintiffs' proposed amended complaint (dkt. #44-3) is ACCEPTED. The clerk of court is directed to amend the caption on the docket to reflect the substituted and additional plaintiffs. Defendants have until May 8, 2018, to answer.

2) Defendant Weyerhaeuser's motion to dismiss (dkt. #21) is GRANTED as to plaintiffs' nuisance claims but DENIED in all other respects.

3) Plaintiffs' motion to strike (dkt. #34) is DENIED AS MOOT.

4) The clerk's office is directed to schedule a conference with Magistrate Judge Crocker to reset deadlines and a trial date.

Entered this 17th day of April, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[3] Plaintiffs also filed a motion to strike extrinsic evidence filed in support of defendants' motion to dismiss, namely pages from Kappel's medical record and an administrative order entered in an MDL asbestos case. In light of the pathology results and plaintiffs' proposed amended complaint, this motion will be deemed moot.